UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L. JOHNSON, GAIL D. JOHNSON,<br><br>       Plaintiffs,<br><br>       v.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | No. 2:19-cv-01561-TLN-EFB<br><br>**ORDER** |

This matter is before the Court on Defendant United States of America's (the "Government") Motion to Dismiss. (ECF No. 9.) Plaintiffs Richard and Gail Johnson (collectively, "Plaintiffs") have opposed the motion, and the Government has replied. (ECF Nos. 11–12.) For the reasons set forth below, the Court DENIES the Government's Motion to Dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and GRANTS the Government's Motion to Dismiss under Rule 12(b)(6) with leave to amend.

/ / /

/ / /

/ / /

/ / /

/ / /

1

1         **I.     FACTUAL AND PROCEDURAL BACKGROUND**

2         Plaintiffs bring this civil action against the Government for claims relating to the Government's purported failure to issue Plaintiffs their tax refunds after they filed their 2013 and 2014 tax returns.

Plaintiffs filed their 2013 joint-tax return on March 31, 2014.  (*See* ECF No. 2 at 36.)  That same day, the Government allegedly transferred a $3,213 refund owed to Plaintiffs for the 2013 tax year and applied the money to the 2009 tax year.  (ECF No. 1 at 5.)

Plaintiffs received an extension of time to file their 2014 tax return, and subsequently filed their 2014 joint-tax return on October 15, 2015.  (*See* ECF No. 2 at 38–39.)  Meanwhile, on April 15, 2015, the Government purportedly transferred a $5,253 refund owed to Plaintiffs for the 2014 tax year and applied the money to the 2009 and 2010 tax years.  (ECF No. 1 at 6.)  Plaintiffs assert the Government's application of their 2013 and 2014 tax refunds to the 2009 and 2010 tax years was improper because Plaintiffs did not owe any money to the Internal Revenue Service ("IRS") for the 2009 and 2010 tax years.  (*Id.* at 5.)

Plaintiffs allege that, on April 18, 2017, they filed claims for tax refunds relating to the 2013 and 2014 tax years, requesting $3,213 and $5,253, respectively.  (*Id.* at 4–5.)  On August 11, 2017, the IRS issued a letter denying Plaintiffs' claim for a refund for the 2013 tax year.  (*Id.* at 2.)  In the letter, the IRS indicated the $3,213 refund from the 2013 tax year was applied to an outstanding balance owed for the 2009 tax year — an action the IRS would not reverse.  (ECF No. 2 at 40.)  Plaintiffs allege the IRS failed to send this letter by certified or registered mail, as required under 26 U.S.C. § 6532(a)(1).  (ECF No. 1 at 2.)  Plaintiffs further allege the IRS did not issue a letter regarding Plaintiffs' claim for a refund for the 2014 tax year.  (*Id.*)

On August 12, 2019, Plaintiffs initiated this action against the Government asserting two causes of action titled "Claim for Refund," in which Plaintiffs seek refunds for the 2013 and 2014 tax years pursuant to 26 U.S.C. § 6532.  (*Id.* at 2, 4–6.)  Plaintiffs' claims are based on allegations that income taxes and related interest were "erroneously and illegally assessed and collected" from the 2013 and 2014 tax years.  (*Id.* at 1.)

/ / /

On October 21, 2019, the Government filed a Motion to Dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. (ECF No. 9.) Plaintiffs filed an Opposition to the Motion, and the Government filed a Reply. (ECF Nos. 10, 12.)

**II.     STANDARD OF LAW**

     A.     Federal Rule of Civil Procedure 12(b)(1)

A party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under [Rule] 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmties. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). "Unless the jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1)[.]" *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (internal citations omitted). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking' motion attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations. *Id.* "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

     B.     Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal (Iqbal)*, 556 U.S. 662, 678–79 (2009). Under notice

pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly (Twombly)*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). "If a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint . . . These documents are part of the complaint and may be considered." *Durning v. First Bos. Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426, 429–30 (9th Cir. 1978)). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.    ANALYSIS**

    A.    <u>Motion to Dismiss Pursuant to Rule 12(b)(1)</u>

The Government argues this Court lacks subject matter jurisdiction over Plaintiffs' "Claim for Refund" for the 2013 tax year because Plaintiffs' 2013 refund claim was untimely filed with the IRS pursuant to the statutory limitations set forth by the Internal Revenue Code.[1] (ECF No. 9-1 at 4.) Specifically, the Government argues Plaintiffs' April 18, 2017 refund claim for the 2013 tax year was filed with the IRS beyond the two-year period after the tax was deemed paid (on April 15, 2014), as well as the three-year period after the return was deemed filed (also on April

---

[1] The Government only seeks dismissal pursuant to Rule 12(b)(1) with respect to Plaintiffs' 2013 tax refund claim and not Plaintiffs' 2014 claim for refund.

5

15, 2014). (*Id.* at 3–4.) In their Opposition, Plaintiffs appear to concede their "Claim for Refund" regarding the 2013 tax year fails, based on the Government's reasoning. (ECF No. 10 at 1.) Nevertheless, the Court declines to dismiss on this ground because the Government's argument is incorrect.

For a district court to have subject matter jurisdiction in an action against the United States, both "statutory authority granting subject matter jurisdiction" and a "waiver of sovereign immunity" are required. *Ashford v. United States*, 934 F.2d 229, 231 (9th Cir. 1991). As an initial matter, 28 U.S.C. § 1346(a)(1) grants district courts jurisdiction over actions against the United States regarding income taxes that have been "erroneously or illegally assessed or collected." 28 U.S.C. § 1346 (2012). Because Plaintiffs allege in their Complaint that their income taxes were "erroneously and illegally assessed and collected" for the 2013 and 2014 tax years, this statute provides authority granting the Court subject matter jurisdiction over the instant case. (*See* ECF No. 1 at 1.); *see* 28 U.S.C. § 1346 (2012).

Next, the extent of the United States' waiver of sovereign immunity is established through the limitation periods defined in the Internal Revenue Code. *See United States v. Dalm*, 494 U.S. 596, 608–09 (1990). Title 26 U.S.C. § 6511(a) and (b) define the time period within which a claim for refund must be filed with the IRS. *See* 26 U.S.C. § 6511 (2012). Title 26 U.S.C. §§ 6532(a) and 7422(a) define the time period after filing a claim for refund with the IRS within which a refund suit must be filed. *See* 26 U.S.C. §§ 6532, 7422 (2012).

Of most relevance to the instant case is 26 U.S.C. § 6511(a). Under this statute, a claim for refund relating to an overpayment of any tax must be filed with the IRS within the later of: (1) three years from the time a tax return was filed for the relevant tax year; or (2) two years from the time the tax was paid. *See* 26 U.S.C. § 6511 (2012).

Nevertheless, computation of this statute of limitations is also subject to the modification of filing deadlines and requirements as set forth by the Internal Revenue Code. Title 26 U.S.C. § 7503 provides in part,

> When the last day prescribed under authority of the internal revenue laws for performing any act falls on Saturday, Sunday, or a legal holiday, the performance of such act shall be considered timely if it

6

> is performed on the next succeeding day which is not a Saturday, Sunday, or a legal holiday . . . [T]he term 'legal holiday' means a legal holiday in the District of Columbia."

26 U.S.C. § 7503 (2012).

Here, Plaintiffs filed their 2013 tax return on March 31, 2014. (*See* ECF No. 2 at 36.) However, their tax return was considered filed on April 15, 2014. *See* 26 U.S.C. § 6513 (2012) (when a tax return is filed before the last day for filing, it is considered filed on the last day). Pursuant to 26 U.S.C. § 6511 (2012), the last day to submit their refund claim to the IRS pertaining to the 2013 tax return was April 15, 2017. However, the Court takes judicial notice of the fact that April 15, 2017, was a Saturday and federal offices were closed on Monday, April 17, 2017, in observance of Emancipation Day (a legal holiday celebrated in the District of Columbia).[2] *See* D.C. Code Ann. § 28-2701 (West 2012) (list of legal holidays in the District of Columbia and information regarding the observance of such holidays). Therefore, Plaintiffs' deadline for filing a refund claim with the IRS relating to the 2013 tax year was extended to April 18, 2017. *See* 26 U.S.C. § 7503 (2012). Plaintiffs submitted their claim to the IRS on April 18, 2017. (ECF No. 1 at 3.) Therefore, Plaintiffs' claim was timely. Accordingly, the Court DENIES the Government's Motion to Dismiss Plaintiffs' "Claim for Refund" pertaining to the 2013 tax year for lack of subject matter jurisdiction.

B. Motion to Dismiss Pursuant to Rule 12(b)(6)

Next, the Government seeks dismissal pursuant to Rule 12(b)(6) on the basis that Plaintiffs already received a refund of the amount they seek through overpayments from 2013 and 2014 in the form of credits applied to their 2009 and 2010 tax deficiencies. (ECF No. 9-1 at 4). The Government argues Plaintiffs improperly disputed refunds pertaining to the 2013 and 2014 tax years, whereas they were required to submit their dispute with respect to the 2009 and 2010

---

[2] The Court may take judicial notice of facts that are generally known or easily determinable from "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[A] calendar date is not subject to reasonable dispute because the accuracy of a calendar date cannot be reasonably questioned." *Horowitz v. GC Servs. Ltd. P'ship*, No. 14CV2512-MMA (RBB), 2015 WL 1959377, at *3 (S.D. Cal. Apr. 28, 2015) (citing *Wayne v. Leal*, No. 07 CV 1605 JM (BLM), 2009 WL 2406299, at *4 (S.D. Cal. Aug. 4, 2009)). Therefore, the Court may judicially notice the fact that April 15, 2017, was a Saturday.

1  tax years pursuant to 26 U.S.C. § 7422.  (ECF No. 12 at 2.)  As a result, the Government contends
2  Plaintiffs' claims fail.  (*Id.* at 3.)

3  In opposition, Plaintiffs dispute the existence of any outstanding tax deficiencies for the
4  2009 and 2010 tax years, and therefore dispute any reason to apply their refunds to those tax
5  years. (ECF No. 10 at 7.)  Therefore, Plaintiffs argue the 2014 tax year was the proper year
6  against which to file their claim.  (*Id.* at 8.)  Plaintiffs also dispute the Government's contention
7  that they received any refund, claiming any such refund was "illusory" where Plaintiffs received
8  offsets rather than a monetary refund payment.  (*Id.* at 7.)  Plaintiffs' arguments, however, are
9  unpersuasive because they are not supported by the relevant legal authority.

10  Pursuant to 26 U.S.C. § 6402(a), the IRS can credit a taxpayer's overpayments against any
11  tax liabilities they may have instead of giving the refund directly to the taxpayer.  26 U.S.C. §
12  6402 (2012).  Thereafter, "[t]he credit of an overpayment of any tax in satisfaction of any tax
13  liability shall, for the purpose of any suit for refund of such tax liability so satisfied, be deemed to
14  be a payment in respect of such tax liability at the time such credit is allowed."  26 U.S.C. § 7422
15  (2012).  Simply put, under § 7422(d), when the IRS applies an overpayment from one tax year to
16  a deficit owed for another tax year, it becomes a "payment" for the year to which it is credited.  It
17  is then incumbent upon the taxpayer to file a claim for refund relating to the year to which the
18  overpayment was applied.  *See* 26 U.S.C. § 7422 (2012); *Waltner v. United States*, No. CV18-
19  1163-PHX-DGC, 2019 WL 176800, at *4 (D. Ariz. Jan. 11, 2019) (citing *Greene-Thapedi v.*
20  *United States*, 549 F.3d 530, 532 (7th Cir. 2008)); *Culpepper-Smith v. United States*, No. CIV.A.
21  96-CV-5855, 1998 WL 544964, at *5–6, n.4 (E.D. Pa. Aug. 24, 1998); *see also Simmons v.*
22  *United States*, 29 Fed. Cl. 136, 141 (1993); *Fitzmaurice v. United States*, 81 F. Supp. 2d 741, 744
23  (S.D. Tex. 1999).

24  For example, in *Culpepper-Smith v. United States*, the plaintiff filed claims for refunds of
25  overpayments for the 1993 and 1995 tax years via her tax returns.  *Culpepper-Smith*, 1998 WL
26  544964, at *5.  Subsequently, the overpayments were credited to her 1980 tax deficiency.  *Id.*
27  The court agreed with the defendant's argument that, based on 26 U.S.C. § 7422(d), after being
28  credited to the 1980 tax year, the plaintiff's overpayments "'lost their character as overpayments

8

of 1993 and 1995 taxes' and plaintiff's only recourse was to file a separate administrative claim for refund of the 1980 tax." *Id.* at *5–6.

Similarly, in *Waltner v. United States*, the plaintiff filed a claim for a refund for the 2016 tax year via his 2016 tax return. *Waltner*, 2019 WL 176800, at *4. On March 5, 2018, the IRS credited an overpayment from the 2016 tax year to a 2008 tax year deficiency. *Id.* The court agreed with the defendant's argument that there was now a 2008 tax issue, which required the plaintiff to file a 2008 claim for refund to survive a motion to dismiss. *Id.*

*Culpepper-Smith* and *Waltner* therefore support the Government's argument that, once Plaintiffs' 2013 and 2014 tax year overpayments were applied to the 2009 and 2010 tax years, Plaintiffs were required to address their dispute towards the 2009 and 2010 tax years. (ECF No. 9-1 at 5); *see Waltner*, 2019 WL 176800, at *5; *Culpepper-Smith*, 1998 WL 544964, at *5–6. That is, once Plaintiffs' overpayments from the 2013 and 2014 tax years were credited to their tax deficits in the 2009 and 2010 tax years, the overpayments were converted to "payments" for the 2009 and 2010 tax years. *See* 26 U.S.C. §§ 6402, 7422 (2012). Therefore, as provided by the aforementioned authorities, Plaintiffs could no longer file claims that pertained to the 2013 and 2014 tax years, but were required to address their claims for monetary refund with respect to the 2009 and 2010 tax years. Yet Plaintiffs do not allege they filed any refund claims pertaining to the 2009 and 2010 tax years. Accordingly, they fail to allege facts sufficient to state a claim for which relief may be granted.

Furthermore, Plaintiffs' assertion that they did not have any outstanding tax liabilities for the tax years 2009 or 2010 does not save their claim. Even accepting this allegation as true — as the Court must at this stage in the pleadings — Plaintiffs were required by the Internal Revenue Code to dispute the matter by filing a claim pertaining to the 2009 and 2010 tax years, not the 2013 and 2014 tax years. *See* 26 U.S.C. § 7422 (2012). As previously noted, however, Plaintiffs fail to allege they submitted any claims relating to the 2009 or 2010 tax years. Therefore, their claims still fail and the Government's motion under Rule 12(b)(6) must be granted.

Nevertheless, the Court finds leave to amend the "Claims for Refund" is appropriate since the allegation of additional facts may cure the pleading defects inherent in Plaintiffs' Complaint

and Plaintiffs have not yet had an opportunity to amend.  *See Lopez v. Smith*, 203 F.3d at 1130; *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).  Therefore, the Court GRANTS the Government's Motion to Dismiss Plaintiffs' "Claims for Refund" for the tax years 2013 and 2014 with leave to amend.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Government's Motion to Dismiss under Rule 12(b)(1) and GRANTS the Government's Motion to Dismiss under Rule 12(b)(6) with leave to amend.  (ECF No. 9.)  Plaintiffs may file an amended complaint not later than 30 days after the electronic filing of this Order.  Defendants shall file a responsive pleading not later than 21 days after the filing of the amended complaint.

IT IS SO ORDERED.

DATED:  August 10, 2020

Troy L. Nunley
United States District Judge