1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD L. JOHNSON and GAIL D.            No. 2:19-cv-01561-TLN-JDP
     JOHNSON,
12
                     Plaintiffs,
13                                              **ORDER**
           v.
14
     UNITED STATES OF AMERICA,
15
                     Defendant.
16

17

18          This matter is before the Court on Defendant United States of America's (the

19   "Government") Motion to Dismiss.  (ECF No. 15.)  Plaintiffs Richard L. Johnson and Gail D.

20   Johnson (collectively, "Plaintiffs") filed an opposition.  (ECF No. 17.)  The Government filed a

21   reply.  (ECF No. 18.)  For the reasons set forth below, the Court hereby GRANTS in part and

22   DENIES in part the Government's motion.  (ECF No. 15.)

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                                 1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises out of the Government's alleged failure to issue Plaintiffs their tax refunds after they filed their 2013 and 2014 tax returns.  (*See* ECF No. 14.)  On January 28, 2015, Plaintiffs filed a refund claim for the 2009, 2010, 2011, and 2012 tax years, and now seek a refund for tax years 2009 and 2010 "because that is where offsets were ultimately sent from later years at a time no tax liability existed."  (*Id.* at 4.)  Plaintiffs reviewed "unaltered copies of transcripts" of their account transcripts for 2009, 2010, 2011, and 2012, and found they "show no tax liability once full payment had been made on November 5, 2013" for all outstanding balances.  (*Id.* at 5.)  Plaintiffs allege these account transcripts were substantially "altered without explanation," such that balances and credits moved back and forth and became impossible to track.  (*Id.* at 5–6.)  Plaintiff maintains because all balances were paid off as of November 5, 2013, "any money offset from tax years 2013 and 2014 and applied to [2009 through 2012] would be extraneous since there could have been no liability remaining to apply an offset to."  (*Id.* at 6.)

Plaintiffs further allege they had many discussions with Gail Arndt ("Arndt") at the Taxpayer Advocate Service ("TAS"), an entity within the Internal Revenue Service ("IRS"), about their refunds.  (*Id.* at 4, 6.)  Through 2014 and 2015, Plaintiffs spoke with Arndt on multiple occasions to seek assistance on resolving the issues with their account.  (*Id.* at 6–8.)  Arndt "indicated in her many voicemails that she was closely working with IRS account services."  (*Id.* at 9.)  Plaintiffs' counsel faxed Arndt a letter on January 28, 2015 that summarized the timeline of the issues regarding their account but did not specifically request a refund.  (*Id.* at 9–10.)  Plaintiffs contend that despite the lack of this language in the letter, the refund "was a constant topic of conversation" with Arndt such that the IRS "may be put on notice regarding an overpayment of tax through a combination of written and oral communications."  (*Id.* at 10.)  Plaintiffs allege the January 28, 2015 letter is therefore "an informal claim for correction of the accounts to their original zero balance."  (*Id.* at 12–13.)

On August 12, 2019, Plaintiffs filed the instant action.  (ECF No. 1.)  On September 9, 2020, Plaintiffs filed the operative First Amended Complaint ("FAC"), alleging two claims in which Plaintiffs seek $4,761 for the 2009 tax year (which represents offsets from tax years 2013

1   and 2014) and $3,704 for the 2010 tax year (which represents offsets from tax year 2014)

2   pursuant to 26 U.S.C. § 6532.  (ECF No. 14 at 13–14.)  Plaintiffs' claims are based on allegations

3   that income taxes and related interest were "erroneously and illegally assessed and collected" for

4   the 2013 and 2014 tax years.  (*See id.*)  On September 30, 2020, the Government filed the instant

5   motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of

6   subject matter jurisdiction.  (ECF No. 15.)  On October 15, 2020, Plaintiffs filed an opposition

7   (ECF No. 17), and on October 22, 2020, the Government filed a reply (ECF No. 18).

8       **II.   STANDARD OF LAW**

9           A party may move to dismiss a claim for lack of subject matter jurisdiction.  Fed. R. Civ.

10   P. 12(b)(1).  "When subject matter jurisdiction is challenged under [Rule] 12(b)(1), the plaintiff

11   has the burden of proving jurisdiction in order to survive the motion."  *Tosco Corp. v.*

12   *Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds*

13   *by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  "Unless the jurisdictional issue is inextricable

14   from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of

15   jurisdiction under Rule 12(b)(1)[.]"  *Robinson v. U.S.*, 586 F.3d 683, 685 (9th Cir. 2009) (internal

16   citations omitted).  "If the court determines at any time that it lacks subject matter jurisdiction, the

17   court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

18           "A motion to dismiss for lack of subject matter jurisdiction may either attack the

19   allegations of the complaint or may be made as a 'speaking' motion attacking the existence of

20   subject matter jurisdiction in fact."  *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d

21   730, 733 (9th Cir. 1979).  When a Rule 12(b)(1) motion attacks the existence of subject matter

22   jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations.  *Id.*

23   "[T]he district court is not restricted to the face of the pleadings, but may review any evidence,

24   such as affidavits and testimony, to resolve factual disputes concerning the existence of

25   jurisdiction."  *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

26       **III.   ANALYSIS**

27           The Government argues the January 28, 2015 fax is insufficient for an informal claim for

28   a tax refund because Plaintiffs have not met the statutory requirements to invoke this Court's

3

1   jurisdiction.  (ECF No. 15-1 at 3–4; ECF No. 18 at 2.)  The Government contends Plaintiffs fail to

2   allege their counsel requested a refund of any specific amount for the 2010 tax year, the January

3   28, 2015 fax is regarding the 2009 tax year but is not signed under penalty of perjury, and

4   Plaintiffs' conversations with TAS do not sufficiently inform the IRS of the factual basis for their

5   tax refunds for 2009 and 2010.  (Id. at 5.)  The Government maintains Plaintiffs' failure to do

6   either "deprives this Court of subject matter jurisdiction to hear the lawsuit."  (Id.)[1]

7        In opposition, Plaintiffs appear to argue the January 28, 2015 fax meets the requirements

8   for the informal claim doctrine because the claim was submitted to Arndt (who was working on

9   the case), the amounts listed by year were specific, the TAS is a part of the IRS that works with

10   all of the agency's components, and Arndt was specifically working with account services to

11   attempt to resolve Plaintiffs' case.  (ECF No. 17 at 2.)

12        The United States cannot be sued without its consent and therefore taxpayers seeking a

13   refund of taxes erroneously or unlawfully assessed or collected by the federal government must

14   file a tax refund claim before bringing suit as a jurisdictional prerequisite.  *United States v. Dalm*,

15   494 U.S. 596, 608 (1990); *see also United States v. Clintwood Elkhorn Min. Co.* (*Clintwood*), 553

16   U.S. 1, 4 (2008).  26 U.S.C. § 7422(a) provides:

---

18   [1]     The Government also makes an argument that is irrelevant to the disposition of the instant
19   motion.  Plaintiffs allege in the FAC that they made a payment to the IRS on April 15, 2015 that
     covered the 2009 and 2010 tax years.  (*See* ECF No. 14 at 3.)  The Government argues that
20   Plaintiffs' counsel's January 28, 2015 fax is not a timely informal claim with respect to this
     payment because the fax was sent before the payment was made.  (ECF No. 15-1 at 6.)  The
21   Government contends therefore that 26 U.S.C. § 6511(b)(2)(B) bars recovery of this payment.
     (*Id.*)
22          26 U.S.C. § 6511(a) provides a "[c]laim for credit or refund of an overpayment of any tax
     imposed . . . shall be filed by the taxpayer within 3 years from the time the return was filed or 2
23   years from the time the tax was paid, whichever of such periods expires the later."  26 U.S.C. §
     6511(b)(2)(B) further provides that "[i]f the claim was not filed within such 3-year period, the
24   amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years
     immediately preceding the filing of the claim."
25          Because Plaintiffs' January 28, 2015 fax or "informal claim" was not filed within 3 years
     from the time the return was filed pursuant to 26 U.S.C. § 6511(a), 26 U.S.C. § 6511(b)(2)(B)
26   limits the amount of the credit or refund to "the portion of tax paid during the 2 years
     immediately preceding the filing of the claim."  Therefore, the Government is correct that a claim
27   for refund is "limited to amounts paid between January 28, 2013 and January 28, 2015 for the
     2009 and 2010 tax years."  (ECF No. 15-1 at 6.)

28

4

1
2
3
4

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected without authority, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed the [IRS] . . . .

5   26 U.S.C. § 6511(a) further establishes timelines within which a refund claim must be filed with

6   the IRS.  26 U.S.C. § 6511(a) provides a "[c]laim for credit or refund of an overpayment of any

7   tax imposed . . . shall be filed by the taxpayer within 3 years from the time the return was filed or

8   2 years from the time the tax was paid, whichever of such periods expires the later."  Read

9   together, these sections clarify that "unless a claim for refund of a tax has been filed within the

10  time limits imposed by § 6511(a), a suit for refund . . . may not be maintained in any court."

11  *Clintwood*, 553 U.S. at 5 (citing *Dalm*, 494 U.S. at 602).

12      If the claim is filed after the original return was filed, it must be made on an amended

13  return form (Form 1040X, Form 1120X, or Form 1041 marked "amended") for income taxes.  26

14  C.F.R. §§ 301.6402-2(c), 301.6402-3.  "The claim must set forth in detail each ground upon

15  which a credit or refund is claimed and facts sufficient to apprise the [IRS] of the exact basis

16  thereof.  The statement of the grounds and facts must be verified by a written declaration that is

17  made under penalties of perjury."  26 C.F.R. § 301.6402-2(b)(1).  Here, Plaintiffs do not allege

18  they have submitted a written declaration made under penalty of perjury.  (*See* ECF No. 14.)

19  Plaintiffs are therefore unable to meet the requirements of a formal claim.  *See* 26 C.F.R. §

20  301.6402-2(b)(1).

21      Courts have held that an "informal claim" is sufficient to meet the requirements of 26

22  U.S.C. §§ 6511 and 7422(a) and generally have allowed the taxpayer to file suit for a tax refund if

23  the claim: (1) gives notice to the Commissioner of the IRS that the taxpayer is asserting a right to

24  a credit or refund; (2) states the legal and factual basis for the claim or at least indicate the

25  grounds for the claim; and (3) must be in writing or have a written component.  *Rhodes v. United

26  States*, 552 F. Supp. 489, 492 (D. Or. 1982) ("[T]he focus is on the claim as a whole, not merely

27  the written component . . . the only essential is that there be available sufficient information as to

28

1   the tax and the year to enable the [IRS] to commence, if it wishes, an examination of the claim."

2   (citing *American Radiator & Std. San. Corp. v. United States*, 318 F.2d 915, 920 (Fed. Cl.

3   1963))); *Glodowski v. United States*, No. CV-N-89-414-HDM, 1990 WL 54831, at *1–2 (D. Nev.

4   Feb. 23, 1990), *aff'd*, 928 F.2d 1136 (9th Cir. 1991) (finding Plaintiff's letter to the IRS

5   requesting the return of his money insufficient for an informal written claim as it "appears to be a

6   general indictment of the tax system" and lacks "specific allegations which alert the IRS to

7   commence an examination into a claim for refund"); *Roman v. United States*, No. C 94-3269

8   TEH, 1995 WL 463669, at *3 (N.D. Cal. July 27, 1995) (finding plaintiff's attempt, without

9   explanation, to offset the alleged 1985 overpayment against her 1986 tax return was insufficient

10  to inform the IRS she sought a refund for the payment made in 1985).  "There are no hard and

11  fast rules for determining the sufficiency of an informal claim, and each case must be decided on

12  its own facts with a view towards determining whether under those facts the Commissioner knew,

13  or should have known, that a claim was being made."  *Schlachte v. U.S.*, No. C 07-6446 PJH,

14  2008 WL 3977901, at *5 (N.D. Cal. Aug. 26, 2008) (internal quotations and citation omitted).

15          As a preliminary matter, the Court notes the January 28, 2015 fax references only Gail

16  Johnson's 2009 tax return and does not reference the refund Plaintiffs seek of $3,704 for the 2010

17  tax year.  (*See* ECF No. 14-2 at 1–3; ECF No. 14 at 14.)  Because the fax fails to give notice to

18  the Commissioner that Plaintiffs are asserting a right to refund for the 2010 tax year, the

19  Government's motion to dismiss Plaintiffs' claim as to the 2010 tax year is GRANTED.  *See*

20  *Rhodes*, 552 F. Supp. at 492.  Because the Court finds the pleading could "be cured by the

21  allegation of other facts," the Court grants the Government's motion with leave to amend.  *Lopez*

22  *v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (internal quotations and citation omitted).

23          With respect to Plaintiffs' claim as to the 2009 tax year, Plaintiffs allege they filed an

24  informal claim on January 28, 2015 (the date of Plaintiffs' counsel's fax to Arndt), which "put the

25  [G]overnment on notice that serious flaws in the processing of account information resulted in tax

26  liabilities being created . . . that had already been fully paid" and also set forth "the circumstances

27  of their claim that the [IRS] had mis-applied funds and created balance due amounts where none

28  had existed before."  (ECF No. 14 at 2, 4, 7.)  Plaintiffs concede in the FAC that there is no

1   specific language in the letter requesting a refund, but maintain the refund "was a constant topic

2   of conversation with [Arndt]."  (*Id.* at 10.)  Plaintiffs attach this January 28, 2015 letter to the

3   FAC as Exhibit 1,[2] which states Arndt had been assisting Plaintiffs "regarding account

4   discrepancies" and the case had been narrowed to the issue of Gail Johnson's 2009 tax return —

5   "$3,263.49 in interest and $305.24 in penalties which appear to have no basis and which do not

6   appear to have been legally assessed under the Internal Revenue Code."  (ECF No. 14-2 at 1.)

7   The letter also notes Plaintiffs "are plagued by phantom interest and penalty charges for 2009"

8   after they "in good faith, borrowed money and paid off all outstanding balances due" and that

9   "the penalties and interest assessed against Gail Johnson and entered on her 2009 [Individual

10  Master File] have no basis in any late balance due."  (*Id.* at 2–3.)  The Court finds this language is

11  sufficient to put the Government on notice of Plaintiffs' claim for a refund, sufficiently states the

12  legal and factual basis for the claim, and has a written component.[3]  *See Rhodes*, 552 F. Supp. at

13  492.  Accordingly, Plaintiffs' allegations are sufficient to establish subject matter jurisdiction.

14  Therefore, the Government's motion to dismiss Plaintiffs' claim as to the 2009 tax year is

15  DENIED.

16  ///

17  ///

18  ///

19  ///

20

21  [2]      The Court finds Exhibit 1 (ECF No. 14-2 at 1–3) incorporated by reference.  *Khoja v.
    Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("[I]ncorporation-by-reference is

22  a judicially created doctrine that treats certain documents as though they are part of the complaint
    itself" and applies "if the plaintiff refers extensively to the document or the document forms the

23  basis of the plaintiff's claims.").

24  [3]      The Government also attempts to argue Plaintiffs' subsequent failure to file a formal claim
    prior to filing the instant action deprives the Court of subject matter jurisdiction.  (ECF No. 15-1

25  at 5 (citing *Schlachte*, 2008 WL 3977901, at *4; *Martinez v. United States*, 595 F.2d 1147 (9th
    Cir. 1979)).)  However, neither *Schlachte* nor *Martinez* stand for the proposition that a formal

26  claim must be filed prior to filing the instant action.  The court in *Schlachte* found the plaintiff's
    informal complaint insufficient on other grounds and the Ninth Circuit in *Martinez* simply noted

27  that noncompliance with the regulations may be waived.  *Schlachte*, 2008 WL 3977901, at *4–6;
    *Martinez*, 595 F.2d at 1148.

28

**IV.   CONCLUSION**

Based on the foregoing, the Court hereby GRANTS in part and DENIES in part the Government's Motion to Dismiss (ECF No. 15) as follows:

1.  The Government's motion to dismiss Plaintiffs' claim as to the 2010 tax year is GRANTED with leave to amend; and

2.  The Government's motion to dismiss Plaintiffs' claim as to the 2009 tax year is DENIED.

IT IS SO ORDERED.

Dated:  September 30, 2021

Troy L. Nunley
United States District Judge