DAVID A. HUBBERT
Deputy Assistant Attorney General

NITHYA SENRA (SBN 291803)
Trial Attorney, Tax Division
U. S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6570
Fax: (202) 307-0054
E-mail: Nithya.Senra@usdoj.gov

*Attorney for the United States of America*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L. JOHNSON, GAIL D. JOHNSON, | Case No. 2:19-cv-01561-TLN-JDP |
| Plaintiffs, | BRIEF IN SUPPORT OF MOTION FOR |
| v. | RECONSIDERATION |
| UNITED STATES OF AMERICA, | Date:    January 13, 2022 |
| Defendant. | Time:    2:00 PM |
| | Court:    Courtroom 2, 15th Floor |
| | Judge:    Hon. Troy L. Nunley |

The United States of America, by and through its undersigned counsel, hereby submits this brief in support of its Motion for Reconsideration under Local Rule 230(j) of the Court's Order (Dkt. 20). The Court's Order (Dkt. 20) dismissed Plaintiffs' 2010 claim for refund without prejudice and denied the United States' Motion to Dismiss (Dkt. 15, 15-1) with regard to the 2009 claim for refund.

**INTRODUCTION**

The basis of this motion for reconsideration is that the Court's ruling is inconsistent with controlling Ninth Circuit and Supreme Court authority, and the United States requests the Court reconsider its ruling given that, under this authority, Plaintiffs were required to (1) perfect an informal claim for refund prior to the initiation of this action, and (2) without fully-paying the outstanding tax assessments prior to making a claim for refund, plaintiffs' have made a request for abatement, for which there is no waiver of sovereign immunity for district court review.

Plaintiffs admit that they have not filed an amended return (Form 1040X) for the 2009 and 2010 tax years prior to filing suit and within 2 years of the payments they seek to have refunded (Dkt. 14, "FAC", ¶ ¶ 41, 42). Even though they seek to rely on the informal claim doctrine, and have specifically

1

alleged they are required to file a formal claim in their FAC (¶ 41), and cite to that requirement *United States v. Kales*, 314 U.S. 186 (1941) (*See* FAC, p. 12, fn. 7), Plaintiffs have not filed the required formal claim for refund, which is required by the Supreme Court to perfect any informal claim with a formal claim for refund for the 2009 and 2010 tax years. The Ninth Circuit has reiterated this requirement in *Commissioner of Internal Revenue v. Ewing*, 439 F.3d 1009 (9th Cir. 2006), as did the Supreme Court in *United States v. Kales*, 314 U.S. 186 (1941). The failure to formalize their claim prior to filing the complaint requires Plaintiffs' suit be dismissed.

Further, to the extent Plaintiffs filed an informal claim prior to fully paying the relevant tax assessments on January 28, 2015, their claim should be construed, at most, as a request for abatement of tax. Notably the fax from Plaintiff's counsel does not ask that any money be returned, concedes that tax assessments remain unpaid, and specifically asks for accounts to be zeroed out. *See* Exh. 1, FAC, Dkt. 14-2, p.p. 1-3. On its face, the January 28, 2015 fax is a request for abatement, not a claim for refund. Given the underlying assessments relate to income taxes, there is no statutory right to challenge or file suit on the basis of the abatement request under 26 U.S.C. § 6404. Finding to the contrary runs afoul of the concept that income taxes must be fully paid prior to filing a claim for refund. *E.g., Poretto v. Usry*, 295 F.2d 499 (5th Cir. 1961) (agreeing that taxpayers must follow ordinary "pay and sue" procedures rather than suing on an abatement request); *Nasharr v. United States*, 105 Fed. Cl. 114, 120 (2012); *See also, Flora v. United States*, 362 U.S. 145, 159 (1960) (noting that "throughout the congressional debates are to be found frequent expressions of the principle that payment of the full tax was a precondition to suit: 'pay his tax * * * then * * * file a claim for refund' . . .").

The United States seeks reconsideration of the findings that (1) that Plaintiffs are not required to perfect an informal claim with a formal claim prior to bringing suit (Dkt. 20, p. 7, fn. 3), and (2) that Plaintiffs' January 28, 2015 fax can serve as a claim for refund of payments made between January 28, 2013 and January 28, 2015, when the liability had not been fully paid at that time (Dkt. 20, p. 4, fn. 1), and when it is better viewed as a request for abatement for which there is no statutory right to challenge.

2

**ANALYSIS**

**1.  Binding Ninth Circuit and Supreme Court Authority Require a Formal Claim be Submitted Before Filing Suit.**

In *United States v. Kales*, 314 U.S. 186 (1941) a key component of the informal claim for refund doctrine is that a defective but timely claim that does not comply with formal requirements can be relied upon for timeliness purposes if "**formal defects and lack of specificity have been remedied by amendment after the lapse of the statutory period**." *Id.* at 194 (emphasis added). The Ninth Circuit has held that "any . . .  informal claim 'must have been followed by a formal claim that remedied any defects in the informal claim.'" *Ewing*, 439 F.3d at 1015 (*quoting Kaffenberger v. United States*, 314 F.3d 944, 954 (8th Cir. 2003)). It appears that the Court erred in disregarding *Ewing*, *Kales*, and *Kaffenberger,* which were cited and discussed in the United States' Motion to Dismiss at Dkt. 15-1, p.p. 4-5 for the proposition that an informal claim must first be perfected before bringing suit.

The Court instead noted that *Schlacte* and *Martinez* do not stand for the proposition that an informal claim must be perfected (Dkt. 20, p. 7, fn. 3). That is a fair reading, so far as it goes, but ignores the authorities pertinent to the formal claim requirement discussed at the beginning of section C.1 in the brief.[1] Plaintiffs' Opposition to the United States' Motion to Dismiss (Dkt. 17) makes clear that they have not filed an amended return (IRS Form 1040X) for 2009 or 2010, or otherwise met the statutory administrative claim requirements necessary to invoke this Court's jurisdiction for a tax refund suit over these years (2009 and 2010). Under *Ewing*, *Kales*, and *Kaffenberger*, this failure is fatal to their claims in this suit. *See also Waltner v. United States*, No. 20-16475, 2021 WL 4310800, at *1 (9th Cir. Sept. 22, 2021) (citing *Kales, Ewing* and *Kaffenberger* in asserting that informal refund claims must be followed by a formal claim).

The informal claim doctrine authorizes the relation back of a formal claim to the date of filing of an informal claim; but there is no authority prior to this Court's Order at Dkt. 20 allowing a plaintiff to

---

[1] The undersigned counsel apologizes for not including parentheticals as to the purpose of citing *Schlacte* which was for the proposition that untimely refund suits must be dismissed, and *Martinez* for the proposition that the formal claim requirement had not been waived because the IRS had not considered the merits of any technically deficient claim for refund.

3

proceed to federal court simply upon the filing of an informal claim. This is further elaborated in *Greene-Thapedi v. United States*, 549 F.3d 530, 533 (7th Cir. 2008)—cited by the United States at Dkt. 15-1, p. 5 for the requirement to later perfect an informal claim with a formal claim, and again cited at Dkt. 18, p. 2. In *Greene-Thapedi*, the Eighth Circuit notes that "The informal claim doctrine is predicated on the expectation that any formal deficiency will at some point be corrected." 549 F.3d at 533 *citing PALA Inc. Employees Profit Sharing Plan & Trust Agreement v. United States*, 234 F.3d 873, 879 (5th Cir.2000). "To hold otherwise would eliminate, as a practical matter, the formal claim requirement." *Greene-Thapedi*, 549 F.3d at 533.

As a result, the United States requests that this Court reconsider its finding that Plaintiffs need not file a subsequent formal claim prior to bringing this action to be consistent with *Ewing*, *Kaffenberger*, and *Kales*. It is clear from the face of Plaintiffs' First Amended Complaint and Response (Dkt. 17) they have not yet filed any formal claim for tax refund for the 2009 tax year. *Ewing*, *Kaffenberger*, and *Kales* make clear they cannot rely on the informal claim doctrine without first doing so. Accordingly, this action must be dismissed for lack of jurisdiction for the 2009 and 2010 tax years. To the extent that Plaintiffs wish to pursue a refund, Plaintiffs must file a formal claim for refund seeking to perfect any timely informal claim they would like to relate back to. "Requiring compliance with the administrative exhaustion requirement gives the Government a full opportunity to address the problem administratively." *Greene-Thapedi,* 549 F.3d at 533, *citing BCS Fin. Corp. v. United States*, 118 F.3d 522, 524–25 (7th Cir. 1997). Here a fax or interaction with the Taxpayer Advocate Service is not the proper channel for filing an administrative claim for refund, and the components of the IRS tasked with reviewing a formal claim for refund have not yet had an opportunity to weigh in on this matter, as Plaintiffs have refused to take the steps necessary to perfect any informal claims for the 2009 or 2010 tax years.

**2.   Without Full Payment, Plaintiffs' Informal Request Was One for Abatement for which There Is No Waiver of Sovereign Immunity to Bring Suit.**

At Dkt. 20, p. 4, footnote 1, the Court states that the fact that the fax dated January 28, 2015 predates the payments that Plaintiffs seek to recover, which were made on April 15, 2015, is not relevant to the determination of subject matter jurisdiction in this action. The United States asks that the Court

4

reconsider this finding, as this fact is relevant to determining that the fax is actually a request for abatement for which there is no subject matter jurisdiction to challenge in district court, and not an informal claim for refund.

As Plaintiffs' January 28, 2015 fax makes clear on its face, the 2009 tax assessments were not fully paid as of the date of that letter. Plaintiffs specifically note in their January 28, 2015 fax that they "received a balance due notice, dated 12/08/2014 for 2009 for $5,250." Dkt. 14-2, p. 2, numbered paragraph 7. They further note they were aware Gail Johnson owed interest and penalties for 2009. Dkt. 14-2, p.2, unnumbered paragraph below table showing outstanding balances. Plaintiffs concede in their fax that additional amounts were assessed and remained unpaid on January 28, 2015. Dkt. 14-2, p.p. 2-3. On its face the fax specifically requests an abatement, by asking that the Taxpayer Advocate Service "forward these accounts to someone competent to actually honor the taxpayers' efforts to pay off the entire amount of balance due tax?" (Dkt. 14-2, p.3). Indeed, the only relief sought in the fax is one for abatement, and not the return of any funds.

Section 6404 of the Internal Revenue Code generally authorizes the abatements of any tax or liability which are (1) excessive in amount, (2) assessed after the expiration of the applicable period of limitation, or erroneously or illegally assessed. 26 U.S.C. § 6404(a). No claim for abatement shall be filed by a taxpayer in respect of any assessment of any tax imposed under Subtitle A-Income Taxes or Subtitle B-Estate and Gift Taxes. 26 U.S.C. § 6404(b). ''A fundamental difference exists between an abatement and a refund[.]'' *Nasharr*, 105 Fed. Cl. at 120 (citing *Ertle v. United States*, 118 Ct. Cl. 57, 93 F. Supp. 619 (1950)). There is no cause of action for abatement under any Internal Revenue Code provision, and courts have held that the Secretary has sole discretion with respect to claims for abatement of unpaid taxes under 26 U.S.C. § 6404, which is not subject to judicial review. *Kang v. Shulman*, No. cv-AW-09-1561, 2010 WL 11556596 (D. Md. May 20, 2010) (citing *Poretto*, 295 F.2d at 501). "This reading aligns with the Supreme Court's holding that the Tax Court 'provides the exclusive forum for judicial review of a refusal to abate interest' under another provision of Section 6404: Section 6404(e)(1)." *Carr v. United States*, No. 20-cv-00744-WHO, Dkt. 87 (N.D. Cal. Nov. 22, 2021), *citing Hinck v. United States*, 550 U.S. 501, 503 (2007).

5

Even a claim made in the proper form (such as on a Form 1040X) is an abatement claim and not a proper refund claim sufficient to confer jurisdiction if it is filed before full payment has been made. *See e.g.*, *Martti v. Commissioner*, 121 Fed. Cl. 87, 101 (2015) (payment required before filing administrative refund claim); *Malkin v. United States*, 3 F.Supp.2d 493, 498 (D.N.J. 1998) (payment required before filing administrative refund claim). In *Carr*, a recent opinion, the district court held that where a taxpayer had an outstanding balance owed at the time of filing a Form 1040X, she had not duly filed a refund claim, and cited *Martti* for the proposition that the Forms 1040X "could not have been claims for refund on the date they were filed" because the plaintiff had an outstanding tax liability at the time. *See Carr v. United States*, No. 20-cv-00744-WHO, Dkt. 87, at 7 (N.D. Cal. Nov. 22, 2021), *citing Martti*, 121 Fed. Cl. at 100. As discussed in *Carr*, "[i]f a taxpayer has not paid their tax liability, there is nothing for them to recover. The language of Section 6404(a) makes clear that abatements involve the '*unpaid portion* of the assessment of any tax or liability.'" *Id.* citing 26 U.S.C. § 6404(a) (emphasis added).

As an informal claim for refund simply establishes the date that a formal claim relates back to (see discussion above), should Plaintiffs ultimately perfect their informal claim by filing a formal claim, it would at most relate back to a date where Plaintiffs' liabilities had not been fully paid, thus making their fax nothing more than a claim for abatement. This result is in line with the general statutory scheme for taxpayers to challenge their liabilities. Congress deliberately established a separate pre-payment avenue for challenging tax assessments, via the Board of Tax Appeals in 1924 (now the U.S. Tax Court), on the understanding that a taxpayer must otherwise fully pay a tax liability, and then file a claim for refund before bringing a refund suit in district court. *See Flora*, 362 U.S. at 159. Additionally, section 7422 and Treas. Reg. § 301.6402–3(a)(2), which govern refund suits, explicitly refer to claim for credit or refund of an *overpayment*, which suggests that payments must have been made prior to submitting a claim. The general requirements set forth in the regulations and embodied in congressional action in creating two separate avenues for relief – tax refund suits pursuant to 26 U.S.C. § 7422, or deficiency litigation before the U.S. Tax Court – show that the statutory scheme requires that a tax liability be fully paid in order to file a claim for refund and a subsequent suit for refund. To hold otherwise would render 26 U.S.C. § 6404's prohibition on suits for the request of abatement in income tax cases meaningless and undermine the statutory scheme applicable to refund suits.

6

As Plaintiffs had not fully paid the tax assessments at the time of the January 28, 2015 fax (Dkt. 14-2, p.p. 1-3), the fax is at most a request for abatement, and cannot serve to invoke any waiver of sovereign immunity here, because there is no subject matter jurisdiction to entertain a challenge to the denial of a request for abatement in district court. *See*, 26 U.S.C. § 6404(b), *Duggan v. United States*, No. 2:16-CV-0034-SMJ, 2016 WL 4157322, at *1 (E.D. Wash. Aug. 4, 2016) ("To the extent these are claims for abatement of penalties, the United States has not waived its sovereign immunity with respect to such a claim so this Court lacks subject matter jurisdiction.") Plaintiffs fail to otherwise invoke any waiver of sovereign immunity for a claim seeking to litigate whether such amounts should have been abated in federal district court. None exists; thus, this Court lacks subject matter jurisdiction over this matter.

**CONCLUSION**

The United States respectfully requests that the Court reconsider its prior ruling in two critical respects, both of which require dismissal in full. First, the Court should find, consistent with the binding authority set forth in *Ewing* and *Kales*, that Plaintiffs' failure to file a formal refund claim precludes their suit, even if they in fact filed an informal claim for refund. Second, the Court should find that the January 28, 2015 fax Plaintiffs cite as an informal claim was in fact a claim for abatement, and that such a claim cannot confer jurisdiction for the Court to consider their tax liabilities. As a result, the United States respectfully requests that the court dismiss this action in full WITHOUT LEAVE TO AMEND for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and 12(h)(3).

Dated: November 23, 2021.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Nithya Senra*
NITHYA SENRA, SBN 291803
Trial Attorneys, Tax Division
U.S. Department of Justice
*Attorneys for the United States of America*

7

BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2021, the foregoing document is being filed via CM/ECF, which will serve notice electronically on the following:

Timothy E. Kelley, tim@timkelly.com

*Attorney for Plaintiffs*

*/s/ Nithya Senra*
NITHYA SENRA
Trial Attorney
United States Department of Justice, Tax Division

1