1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD L. JOHNSON and GAIL D.            No. 2:19-cv-01561-TLN-JDP
     JOHNSON,
12
                   Plaintiffs,
13                                             **ORDER**
            v.
14
     UNITED STATES OF AMERICA,
15
                   Defendant.
16

17          This matter is before the Court on Defendant United States of America's (the

18   "Government") Motion for Reconsideration.  (ECF No. 23.)  Plaintiffs Richard L. Johnson and

19   Gail D. Johnson (collectively, "Plaintiffs") filed an opposition.  (ECF No. 30.)  The Government

20   filed a reply.  (ECF No. 32.)  For the reasons set forth below, the Court GRANTS the

21   Government's Motion for Reconsideration.  (ECF No. 23.)

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                                 1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recount the background facts of the instant case as they are set forth fully in its September 30, 2021 Order.  (ECF No. 20.)  On August 12, 2019, Plaintiffs filed the instant action, alleging two claims in which Plaintiffs sought $4,761 for the 2009 tax year (which represents offsets from tax years 2013 and 2014) and $3,704 for the 2010 tax year (which represents offsets from tax year 2014) pursuant to 26 U.S.C. § 6532.  (ECF No. 14 at 13–14; ECF No. 22 at 2, 17–18.)  On September 30, 2021, the Court issued an Order granting the Government's motion to dismiss Plaintiffs' claim as to the 2010 tax year with leave to amend and denying the Government's motion to dismiss Plaintiffs' claim as to the 2009 tax year.  (ECF No. 20.)  Plaintiffs subsequently filed the operative Second Amended Complaint ("SAC") on November 3, 2021.  (ECF No. 22.)  On November 23, 2021, the Government filed the instant motion for reconsideration with respect to the 2009 claim for refund.  (ECF No. 23.)  Plaintiffs filed an opposition on December 30, 2021 (ECF No. 30), and the Government submitted a reply on January 6, 2022 (ECF No. 32).

## II.    STANDARD OF LAW

The Court may grant reconsideration under either Federal Rule of Civil Procedure ("Rule") 59(e) or 60(b).  *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e).  Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment. *Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).  Otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order. *Id.*

Under Rule 60(b), the Court may relieve a plaintiff from a final judgment, order, or proceeding "for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is

2

void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier

judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

A motion based on Rule 60(b) must be made "within a reasonable time." Fed. R. Civ. P.

60(c)(1).  With respect to subsections (1), (2), and (3), the motion must be filed "no more than a

year after the entry of judgment or order or the date of the proceeding." *Id.*  Rule 60(b)(6) goes

further, empowering the court to reopen a judgment even after one year has passed.  *Pioneer Inv.*

*Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).  However, subsections (1)

through (3) are mutually exclusive of subsection (6), and thus a party who failed to take timely

action due to "excusable neglect" may not seek relief more than a year after the judgment by

resorting to subsection (6).  *Id.* (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S.

847, 863, n.11 (1988)).

"A motion for reconsideration should not be granted, absent highly unusual

circumstances, unless the district court is presented with newly discovered evidence, committed

clear error, or if there is an intervening change in the controlling law."  *Marlyn Nutraceuticals,*

*Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  Further,

"[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the

first time when they could reasonably have been raised earlier in the litigation."  *Id.*

Additionally, where the motion for reconsideration pertains to an order granting or

denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or

different facts or circumstances are claimed to exist which did not exist or were not shown upon

such prior motion, or what other grounds exist for the motion; and [explain] why the facts or

circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R. 230(j)(3)–(4).

District courts retain inherent authority to revise interim or interlocutory orders any time

before entry of judgment.  *See, e.g.*, *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("the

interlocutory orders and rulings made pre-trial by a district judge are subject to modification by

the district judge at any time prior to final judgment") (citation omitted)); *Balla v. Idaho State Bd.*

*of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989); Fed. R. Civ. P. 54(b).  A district court may

1 reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even

2 in the absence of new evidence or an intervening change in or clarification of controlling law.

3 *Washington v. Garcia*, 977 F. Supp. 1067, 1068–69 (S.D. Cal. 1997); *Sport Squeeze, Inc. v. Pro–*

4 *Innovative Concepts, Inc.*, No. 97-CV-115 TW (JFS), 1999 WL 696009, at *9 (S.D. Cal. June 24,

5 1999).  But a court should generally leave a previous decision undisturbed absent a showing that

6 it either represented clear error or would work a manifest injustice.  *Christianson v. Colt Indus.*

7 *Operating Corp.*, 486 U.S. 800, 817 (1988).

8  **III.** **ANALYSIS**

9   As an initial matter, the instant motion was filed more than twenty-eight days after the

10 entry of the Court's September 30, 2021 Order (ECF No. 20) and is therefore construed as a

11 motion for relief from the Order pursuant to Rule 60(b).  Further, though the Government has not

12 provided "what new or different facts or circumstances are claimed to exist which did not exist or

13 were not shown upon such prior motion," the Government bases its argument on the grounds that

14 the Court "clear[ly] err[ed]" in its prior Order.  (ECF No. 23 at 1.)  Specifically, the Government

15 argues: (1) Ninth Circuit and Supreme Court authority require Plaintiffs to perfect an informal

16 claim before filing suit; and (2) without full payment, Plaintiffs' informal request was one for

17 abatement for which there is no waiver of sovereign immunity to bring suit.  (ECF No. 23-1 at 3–

18 4.)  The Court will address each argument in turn.

19   A. Formal Claim Requirement

20   The Government requests the Court reconsider its finding that Plaintiffs need not file a

21 formal claim prior to bringing this action.  (ECF No. 23-1 at 4.)  In opposition, Plaintiffs argue

22 the Government waived the formal claim requirement by considering Plaintiffs' claims on the

23 merits.  (ECF No. 30 at 2.)  In reply, the Government contends Ninth Circuit precedent does not

24 allow for waiver of the formal claim requirement, and even if it could be waived, the Government

25 did not do so.  (ECF No. 32 at 2–5.)

26   "Before bringing a refund suit, a taxpayer must file a claim for refund with the [Internal

27 Revenue Service ("IRS")] that complies with I.R.C. § 7422(a) and the claim must be timely

28 filed."  *Waltner v. U.S.*, No. 20-16475, 2021 WL 4310800, at *1 (9th Cir. Sept. 22, 2021) (citing

1    I.R.C. § 6511(a)).  Even if the taxpayer submitted an informal claim, they must follow with a

2    formal claim.  *Id.*; *see Comm'r of Internal Revenue v. Ewing*, 439 F.3d 1009, 1015 (9th Cir.

3    2006), *superseded on other grounds by statute as stated in Wilson v. C.I.R.*, 705 F.3d 980, 984

4    (9th Cir. 2013) ("[A]ny such informal claim 'must have been followed by a formal claim that

5    remedied any defects in the informal claim.'") (quoting *Kaffenberger v. United States*, 314 F.3d

6    944, 955 (8th Cir. 2003)).

7          Additionally, the requirement to file a formal claim prior to commencing an action "is a

8    statutory limitation on Congress's express waiver of sovereign immunity pursuant to [28 U.S.C.]

9    § 1346(a)(1)."  *Dunn & Black, P.S. v. U.S.*, 492 F.3d 1084, 1091 (9th Cir. 2007).  As such, "the

10   Treasury has no power to waive the statutorily-imposed exhaustion requirement, which is an

11   inseverable condition on Congress's waiver of sovereign immunity under § 1346(a)(1)."  *Id.*

12   (citing *Quarty v. United States*, 170 F.3d 961, 972–73 & n.7 (9th Cir. 1999)); *see also Kikalos v.

13   United States*, 479 F.3d 522, 525 (7th Cir. 2007) ("The Supreme Court has held . . . the Treasury

14   may not waive the congressionally mandated requirement that a claim be filed . . . .")

15   (citing *Angelus Milling Co. v. Comm'r of Internal Revenue*, 325 U.S. 293, 296 (1945)).

16         In the instant matter, the law is clear — Plaintiffs must file a formal claim with the IRS

17   prior to bringing this action.  *See Waltner*, 2021 WL 4310800 at *1; *Ewing*, 439 F.3d at 1015.

18   Despite having submitted an informal claim, Plaintiffs must follow with a formal claim,

19   correcting its deficiencies.  *See Waltner*, 2021 WL 4310800 at *1; *Ewing*, 439 F.3d at 1015.  To

20   date, Plaintiffs have not made any allegations that they have submitted a formal claim.  (*See

21   generally* ECF Nos. 1, 14, 22, 30.)  Further, despite Plaintiffs' urging to the contrary, such

22   statutorily-imposed exhaustion requirement cannot be waived.  *Dunn & Black*, 492 F.3d at 1091;

23   *Quarty*, 170 F.3d at 972–73 & n.7; *Angelus Milling Co.*, 325 U.S. at 296.  Accordingly, the Court

24   DISMISSES Plaintiffs' claims with leave to amend for lack of subject matter jurisdiction.

25                          B.    Abatement

26         The Government requests the Court reconsider its finding that the fax dated January 28,

27   2015, predates the payments Plaintiffs seek to recover, which were made on April 15, 2015.

28   (ECF No. 23-1 at 4–5.)  The Government further argues without full payment, Plaintiffs' informal

request was for abatement, for which there is no waiver of sovereign immunity. (*Id.* at 4–7.) In opposition, Plaintiffs argue the contrary. (*See* ECF No. 30 at 6–9 (contending the characterization of the informal claim as a request for abatement is erroneous).)

"No claim for abatement shall be filed by a taxpayer in respect of any assessment of any tax imposed under subtitle A [(Income Taxes)] or B [(Estate and Gift Taxes)]." 26 U.S.C. § 6404(b). Indeed, "[a] fundamental difference exists between an abatement and a refund[.]" *Nasharr v. U.S.*, 105 Fed. Cl. 114, 120 (2012) (citing *Ertle v. United States*, 93 F. Supp. 619, 620 (Ct. Cl. 1950)). As such, "there is no cause of action for abatement under any Internal Revenue Code provision[.]" *See Carr v. U.S.*, No. 20-cv-00744-WHO, 2021 WL 5449072, at *3 (N.D. Cal. Nov. 22, 2021) (collecting cases). "This reading aligns with the Supreme Court's holding that the Tax Court 'provides the exclusive forum for judicial review of a refusal to abate interest' under another provision of [§] 6404: [§] 6404(e)(1)." *Id.* (*citing Hinck v. United States*, 550 U.S. 501, 503 (2007)).

Here, Plaintiffs claims are of abatement, as opposed to a refund. Indeed, Plaintiffs have not alleged they have paid the due balance. (*See generally* ECF Nos. 1, 14, 22, 30.) Though Plaintiffs characterize the due balances as "phantom assessments," stating there is no basis in law for the balances and the balances are a result of mistakes and error (ECF No. 30 at 7–9), 26 U.S.C. § 6404 specifically contemplates abatement requests in which the taxpayer believes the IRS erroneously assessed tax. 26 U.S.C. § 6404(a)(3) ("the Secretary is authorized to abate the unpaid portion of the assessment of any tax . . . which is erroneously or illegally assessed").

Further, the January 28, 2015, informal claim predates the payments Plaintiffs seek to recover, which were made on April 15, 2015. (ECF No. 22 at 20–22.) If a claim is filed before full payment has been made, the claim is one of abatement, as opposed to a refund claim, and thus is insufficient to confer jurisdiction. *Martti v. U.S.*, 121 Fed. Cl. 87, 103 (2015); *Carr*, 2021 WL 5449072, at *6. As the Government has not waived its sovereign immunity with respect to a request for abatement, the Court lacks subject matter jurisdiction. Therefore, Plaintiffs' claims are DISMISSED with leave to amend.

///

IV.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the Government's Motion for Reconsideration.  (ECF No. 23.)  The Court DISMISSES Plaintiffs' claims with leave to amend and STRIKES Plaintiffs' Second Amended Complaint (ECF No. 22) from the docket.  Plaintiffs are hereby granted thirty (30) days from the electronic filing date of this Order to file an amended complaint consistent with this Order.  The Government shall file a response to the amended complaint within twenty-one (21) days from the electronic filing date of the amended complaint.

IT IS SO ORDERED.

**DATED:  May 12, 2022**

Troy L. Nunley
United States District Judge